**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 27, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

In re: LEONARD OWEN MOSHER,

    Debtor.

------------------------------

LEONARD OWEN MOSHER,

    Appellant,

v.

JANICE HERRELL, individually and in
her capacity as Trustee for the Lois Mosher
Revocable Trust,

    Appellee.

No. 19-8073
(D.C. No. 1:19-CV-00036-SWS)
(D. Wyo.)

_____

**ORDER AND JUDGMENT***
_____

Before **LUCERO**, **HOLMES**, and **EID**, Circuit Judges.
_____

    Following an ill-fated lawsuit against his sister, Janice Herrell,

Leonard Mosher filed for bankruptcy under Chapter 11 to reorganize his business

---

* After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

affairs. Herrell, acting as Mosher's creditor, moved to forcibly convert the bankruptcy to a Chapter 7 liquidation. To thwart this conversion, Mosher asserted that he is a farmer, permitting him to block conversion against his will under 11 U.S.C. § 1112(c). But the bankruptcy court concluded that Mosher failed to qualify as a farmer because he did not show that "more than 80% of [his] gross income during the taxable year [preceding his bankruptcy filing]" came from his own farming. 11 U.S.C. § 101(20). The bankruptcy court consequently granted Herrell's motion to convert. The district court affirmed. We exercise jurisdiction under 28 U.S.C. § 158(d)(1) and also affirm.

"Though this appeal comes to us from the district court, we review a bankruptcy court's decisions independently, examining legal determinations de novo and factual findings for clear error." WD Equip., LLC v. Cowen (In re Cowen), 849 F.3d 943, 947 (10th Cir. 2017) (quotation omitted). To the extent the bankruptcy court's determination presents mixed questions of law and fact, our review depends on the primary nature of the question presented—we review legal determinations de novo; we defer to the bankruptcy court's factual determinations. U.S. Bank Nat'l Ass'n ex rel. CWCapital Asset Mgmt. LLC v. Vill. at Lakeridge, LLC, 138 S. Ct. 960, 967 (2018).

The primary argument Mosher raises on appeal is that the basis of the bankruptcy court's finding that he is not a farmer rested on a minor mistake on his tax filings. On Schedule F, which reports taxable income from farming or agricultural activities, Mosher listed $147,823 on line 1a, which is for "Sales of

livestock and other <u>resale items</u>." Supp. App. at 63 (emphasis added). Mosher

claims he meant to list that amount on line 2, which covers "Sales of livestock,

produce, grains, and other products <u>you raised</u>." <u>Id.</u> (emphasis added). The

difference is significant because only income that comes from the debtor's own

farming counts towards § 101(20)'s 80% requirement—resale of agricultural

products stemming from the activities of others is disregarded. <u>See</u> <u>Beery v. Turner</u>

<u>(In re Beery)</u>, 680 F.2d 705, 715-17 (10th Cir. 1982) (describing the buying and

selling of grain from other farmers as "non-farming activities"). Mosher

acknowledges that if the $147,823 in question is not counted towards his farming

income, he cannot satisfy § 101(20)'s 80% requirement.

Mosher failed to argue that his tax filing contained any error before the

bankruptcy court, despite ample opportunity to do so, leaving us to review the

bankruptcy court's finding for plain error. Yet Mosher's brief does not mention plain

error review, or explain how his theory satisfies the standard. Ordinarily, this failure

would constitute waiver of the argument. <u>See</u> <u>Richison v. Ernest Grp., Inc.</u>, 634 F.3d

1123, 1130-31 (10th Cir. 2011). But, in light of the hardship imposed by a forcible

Chapter 7 bankruptcy, we will exercise our discretion to consider the merits of

Mosher's argument.

"A finding is not clearly erroneous unless it is without factual support in the

record or if, after reviewing all of the evidence, we are left with the definite and firm

conviction that a mistake has been made." <u>Gillman v. Ford (In re Ford)</u>, 492 F.3d

1148, 1153 (10th Cir. 2007) (quotation omitted). Neither of these conditions is

3

satisfied by the record before us. The location of the income figure on line 1a rather than on line 2 provided at least a modicum of factual support for the bankruptcy court's finding that the income derived from resale of third-party agricultural products. Mosher's failure to mention the alleged mistake before the bankruptcy court, despite being directly questioned about lines 1a and 2 of his Schedule F by Herrell's counsel, further reinforces the finding. Moreover, Mosher acknowledges that his brokering and transloading businesses have become significant sources of his income. For example, on his Chapter 11 disclosure statement, Mosher explained that "his income comes from brokering and the sale of organic wheat from his and neighbors' farms." We therefore have little trouble identifying factual support for the bankruptcy court's finding.

The evidence Mosher musters to challenge that finding does not leave us with "the definite and firm conviction that a mistake has been made." Ford, 492 F.3d at 1153. Most of the evidence Mosher points to is not about the source of the $147,823 at all, but instead constitutes general indicia that Mosher considers himself a farmer: his brief mentions that he identifies as a farmer, has considered himself a farmer his entire adult life, and that he wears traditional farming clothes and gets his hands dirty while he works. All of these facts we do not doubt. They are, however, irrelevant to the issue before us: the source of the $147,823 in question. Mosher devotes only a single paragraph of his brief to that critical issue, arguing that his reporting of his transloading and brokering earnings on a separate Schedule suggests the $147,823

came entirely from organic wheat he cultivated.  This fact alone is insufficient to convince us that the bankruptcy court's finding was definitely mistaken.

We are sympathetic to the frustration Mosher may feel when told that he does not qualify as a farmer for § 1112(c) purposes despite his self-identity as such.  But the test for § 101(20) concerns only the source of a debtor's income.  The bankruptcy court applied that test faithfully and found that Mosher's income came from activities that do not meet the statutory definition of farming.  Nothing in the record supports reversing that determination or the district court's subsequent affirmation thereof.

The district court is therefore AFFIRMED.

Entered for the Court

Carlos F. Lucero
Circuit Judge

5